UNITED STATES DISTRICT COURT
for the EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Civil Action No. 7:22-cv-00025-FL

| | | |
|---|---|---|
| ADAM JONES d/b/a TRIPLE J FARMS and LAWVER INSURANCE & FINANCIAL SERVICES d/b/a INSURANCE OF THE CAROLINAS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | **PLAINTIFFS' MOTION TO DETERMINE SUFFICIENCY OF RESPONSE TO REQUESTS FOR ADMISSION AND TO COMPEL DISCOVERY** |
| v. | ) ) ) | |
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

Plaintiffs Adam Jones d/b/a Triple J Farms ["Mr. Jones"] and Lawver Insurance & Financial Services d/b/a Insurance of the Carolinas ["IOC"] [collectively, "Plaintiffs"], through undersigned counsel, pursuant to Rules 36 and 37 of the Federal Rules of Civil Procedure, respectfully move for: (i) an order holding that Defendant Crum & Forster Specialty Insurance Company's ["Crum"] responses and objections to Requests for Admission 29-30 and 33-34 of Plaintiffs' First Requests for Admission ["Requests for Admission"] are insufficient and that those requests should be deemed admitted by Crum, pursuant to Rule 36(a)(6) of the Federal Rules of Civil Procedure; (ii) an order compelling discovery responses from Crum which comply with Rules 26, 33, and 34 of the Federal Rules of Civil Procedure for Interrogatories 8 and 9 and Requests for Production 3 and 4 of Plaintiffs' First Set of Interrogatories and First Request for

Production of Documents ["Interrogatories and Requests for Production"]; and (iii) an order taxing against Crum Plaintiffs' expenses and reasonable attorney's fees in bringing this motion.

In support of this motion, Plaintiffs respectfully show the Court the following:

1. On July 28, 2022, Plaintiffs served their Interrogatories, Requests for Production, and Requests for Admission [collectively, "Discovery Requests"] on Crum. Plaintiffs' Discovery Requests relate, in pertinent part, to whether Crum would have insured Mr. Jones' combine and header for the same or lower premium if a misdescription which identified that combine and header with the wrong brand name had not occurred. Crum's counsel has implied, without evidentiary support, that Crum relied on the information provided, including the misdescription, when it wrote the premium for Mr. Jones' insurance coverage in the 2020-2021 policy year. *See* Kristin Gallagher letter dated September 1, 2021 to Spencer T. Wiles, attached hereto as **Exhibit A**. Plaintiffs' Discovery Requests seek to inquire into this contention through requests that are directly relevant to Plaintiffs' claim for contract reformation.

2. Crum served its initial written responses to the Interrogatories, Requests for Production, and Requests for Admission [the "Original Responses"] on September 6, 2022. Excerpts of the Original Responses are attached hereto as **Exhibits B** and **C** with the applicable requests and responses highlighted for the Court's reference. The Original Responses refused to admit or deny Requests for Admission Nos. 29-30 and 33-34, among others, and refused to meaningfully provide responses to Interrogatory Nos. 8-9 and Requests for Production Nos. 3-4, among others.

3. On Labor Day (September 5, 2022), the day before Crum's discovery responses were due, Crum's counsel emailed Plaintiffs' counsel to advise, for the first time, that they wanted entry of a protective order to preserve confidentiality prior to producing documents in response to

Plaintiffs' Requests for Production and to circulate a draft consent protective order. The Consent Motion for Entry of Consent Protective Order was filed by Crum on September 13, 2022, and the Consent Protective Order was entered by Judge Flanagan on September 14, 2022. Crum subsequently served its document production on September 15, 2022 in response to Plaintiffs' Requests for Production.

4. Upon reviewing Crum's Original Responses and document production, Plaintiffs identified various deficiencies in Crum's responses, including but not limited to those addressed in paragraph 2 above. Counsel for Plaintiffs emailed Crum's counsel on September 13, 2022, and again on September 19, 2022, to describe the identified deficiencies and to initiate a discussion regarding resolution. Crum's counsel responded to those emails on September 20, 2022 to advise, among other matters, that Crum would be amending its discovery responses to the extent they agreed they should be amended. Undersigned counsel responded to that September 20 email on September 21, 2022 to acknowledge receipt of the email and expectation of supplemental responses. On September 27, 2022, undersigned counsel again emailed Crum's counsel to inquire as to when they might expect Crum's supplemental discovery responses. The aforementioned email communications are attached hereto as **Exhibits D, E, F,** and **G.**

5. Purportedly in response to the issues raised by Plaintiffs, on September 29, 2022, Crum served supplemental written responses to the Interrogatories, Requests for Production, and Requests for Admission [the "Supplemental Responses"]. Copies of Crum's Supplemental Responses are attached hereto as **Exhibits H** and **I** with the applicable requests and responses highlighted for the Court's reference. Crum's counsel's communication serving the Supplemental Responses is attached hereto as **Exhibit J**. The Supplemental Responses still failed to admit or

deny and to sufficiently and meaningfully respond to, in relevant part, Requests for Admission Nos. 29-30 and 33-34, Interrogatory Nos. 8 and 9, and Requests for Production Nos. 3 and 4.

6.      Crum's Original Responses and its Supplemental Responses, and its document production as of the date of this Motion, fail to comply with Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure.

7.      Rule 36(a)(6) provides, in pertinent part, that the Court may order that a response to a request for admission which does not comply with Rule 36 is deemed admitted.  Such relief is appropriate here, and Plaintiffs seek the Court's order that Crum should be deemed to have admitted Requests for Admission 29-30 and 33-34.

8.      In addition, Rule 37(a) provides, in relevant part, that a party who has failed to sufficiently answer an interrogatory or request for production of documents may be compelled to respond in the manner required by the applicable Rule of Civil Procedure.  Here, Crum must supplement its responses to Interrogatories 8 and 9 and Requests for Production 3 and 4 to comply with its obligations under Rules 26, 33, and 34 of the Federal Rules of Civil Procedure.

9.      In support of this motion, and in addition to the other exhibits referenced herein, Plaintiffs attach and rely on the following documents:  (i) Declaration of Libby Ashley and exhibits (attached hereto as **Exhibit K**); (ii) Declaration of Adam Jones and exhibits (excerpts attached hereto as **Exhibit L**); (iii) Designation and Disclosure of Expert Witness by Plaintiffs and accompanying Expert Report of R. Bryan Tilden (excerpts attached hereto as **Exhibit M**); (iv) Plaintiffs' Notice of Disclosure of Rebuttal Expert Report of R. Bryan Tilden and accompanying Rebuttal Expert Report (excerpts attached hereto as **Exhibit N**); and (v) Defendant Crum & Forster Specialty Insurance Company's Designation and Disclosure of Expert Witness and accompanying Expert Report of Ernest N. Csiszar (excerpts attached hereto as **Exhibit O**).

10. Plaintiffs certify that they have in good faith conferred with Crum in an effort to obtain discovery responses from Crum which comply with Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure and that Plaintiffs and Crum have been unable to reach a resolution on this discovery dispute without Court action. *See* Exhibits D, E, F, and G.

WHEREFORE, for the reasons set forth above, and for such other and additional reasons as may be shown at the hearing of this motion, Plaintiffs respectfully request the following relief:

1. That the Court grant their motion and enter an order compelling discovery responses from Crum which comply with Rules 26, 33, and 34 of the Federal Rules of Civil Procedure for Interrogatories 8 and 9 and Requests for Production 3 and 4 of Plaintiffs' First Set of Interrogatories and First Request for Production of Documents;

2. That the Court grant their motion and enter an order holding that Crum's responses and objections to Requests for Admission 29-30 and 33-34 of Plaintiffs' First Requests for Admission are insufficient and that those requests should be deemed admitted, pursuant to Rule 36(a)(6) of the Federal Rules of Civil Procedure; and

3. That the Court enter an order taxing against Crum Plaintiffs' expenses and reasonable attorney's fees in bringing this motion.

This the 11th day of October, 2022.

/s/ Michael T. Medford .
Michael T. Medford, N.C. State Bar #7227
Brianne M. Glass, N.C. State Bar #56491
MANNING, FULTON & SKINNER, P.A.
  *Attorneys for Lawver Insurance and Financial*
  *Services d/b/a Insurance of the Carolinas*
3605 Glenwood Avenue - Suite 500
Post Office Box 20389
Raleigh, North Carolina 27619
Telephone:    (919) 787-8880
Facsimile:    (919) 325-4600
E-mail:       medford@manningfulton.com
              glass@manningfulton.com


/s/ Spencer T. Wiles
R. Steven DeGeorge, N.C. State Bar # 20723
Spencer T. Wiles, N.C. State Bar # 53664
ROBINSON BRADSHAW & HINSON, P.A.
  *Attorneys for Plaintiff Adam Jones d/b/a Triple J*
  *Farms*
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Telephone:    (704) 377-8374
Facsimile:    (704) 373-3974
E-mail:       sdegeorge@rbh.com
              swiles@robinsonbradshaw.com

- 6 -

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a copy of ***Plaintiffs' Motion to Determine Sufficiency of Response to Requests for Admission and To Compel Discovery*** has this date been electronically filed with the Clerk of Court using the CM/ECF system, which generates a notice of electronic filing constituting service hereof, to the following counsel of record:

Adam L. Ross
Alexandra B. Bachman
JAMES, McELROY & DIEHL, P.A.
525 North Tryon Street, Suite 700
Charlotte, NC 28202
Email: aross@jmdlaw.com
      abachman@jmdlaw.com

Kristin V. Gallagher (*pro hac vice*)
Martin Harms (*pro hac vice*)
KENNEDYS CMK LLP
120 Mountain View Boulevard
Basking Ridge, NJ 07920
Email: kristin.gallagher@kennedyslaw.com
      martin.harms@kennedyslaw.com

*Attorneys for Defendant Crum & Forster Specialty Insurance Company*

R. Steven DeGeorge
Spencer T. Wiles
ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Email: sdegeorge@robinsonbradshaw.com
      swiles@robinsonbradshaw.com

*Attorneys for Plaintiff Adam Jones d/b/a Triple J Farms*

This 11th day of October, 2022.

    /s/ Michael T. Medford
Michael T. Medford, N.C. State Bar #7227
Brianne M. Glass, N.C. State Bar #56491
MANNING, FULTON & SKINNER, P.A.
*Attorneys for Lawver Insurance and Financial Services d/b/a Insurance of the Carolinas*
3605 Glenwood Avenue - Suite 500
Post Office Box 20389
Raleigh, North Carolina  27619
Telephone:    (919) 787-8880
Facsimile:    (919) 325-4600
E-mail:    medford@manningfulton.com
      glass@manningfulton.com