IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-00025-FL

**Adam Jones,** d/b/a Triple J Farms **&
Lawver Insurance & Financial
Services,** d/b/a Insurance of the Carolinas,

        Plaintiffs,

v.

**Crum & Forster Specialty Insurance
Company,**

        Defendant.

**Order**

Adam Jones and the brokerage firm he used to purchase an agricultural tractor, Insurance of the Carolinas, (together, "Jones") have sued Crum & Forster Specialty Insurance Company for retroactive reformation of an insurance contract and damages after a fire rendered the tractor inoperable. Compl., D.E. 1–3. Jones claims that he insured the tractor with C&F, but the firm disagrees. It maintains that Jones's policy did not cover the tractor destroyed in the fire and therefore it disclaims any responsibility to compensate him for his loss. Answer, D.E. 14. Discovery has closed, but the parties still disagree about the sufficiency of several of C&F's responses to Jones's requests for admission, interrogatories, and requests for production.

Hoping to obtain satisfactory responses, Jones moved to compel (D.E. 24). For the reasons below, the court grants Jones's motion in part.

**I.  Background**

In March 2021, Jones's tractor was destroyed by a fire. Jones alleges that, before the fire, he insured the tractor (more specifically, a New Holland combine and header) with C&F. But when he submitted an insurance claim with C&F, the insurer denied the claim because, it argued,

Jones's policy covered a header and combine manufactured AgCo, another farming equipment manufacturer, not New Holland. Jones attributes the confusion to a scrivener's error by an agent at IOC, the brokerage company that Jones used to purchase the tractor. *See* Compl. at 4. That agent accidentally listed the combine and header as AgCo equipment and provided C&F with the wrong serial number. And although Jones owned only one tractor at the time and paid premiums on its insurance, C&F argues that the IOC agent's error was a unilateral mistake that rendered the tractor uninsured. *See* Resp. Opp'n Mot. Compel at 2, D.E. 26.

With the parties at an impasse, Jones sued in North Carolina state court in December 2021. Compl. at 2. C&F removed the case to this court, and the discovery window recently closed. *See* Rule 26(f) Report, D.E. 18. During discovery, Jones served C&F with requests for admission, interrogatories, and requests for production. Currently before the court are a handful of C&F's objections to these requests, which Jones alleges are insufficient.

Each of the requests to which C&F raised a contested objection revolves around a central question: Would C&F have insured the New Holland equipment at the same (or a more favorable) premium compared to what Jones paid for the nonexistent AgCo tractor had the scrivener's error not occurred? Jones contends that his claim under North Carolina contract law turns on the answer to this question. Mem. Supp. Mot. Compel at 1–2, D.E. 25. C&F counters that this question poses an irrelevant and improper hypothetical that it should not be forced to answer.[1] Resp. Opp'n Mot. Compel at 1–2. When parties could not resolve their disagreements over C&F's reticence, Jones filed this motion.

---

[1] C&F also argues that Jones disregarded the court's case management order (D.E. 19) by failing to arrange a discovery conference prior to moving to compel. Resp. Opp'n Mot. Compel at 5–6. But Jones's counsel, admitting it had made an error, withdrew the motion pending a conference. The court then entered a text order stating its belief that an informal conference was unlikely to solve the parties' dispute, so Jones reinstated the motion to compel. Thus, the court will not now deny Jones's motion for want of a conference.

2

Jones seeks three things: First, he wants the court to hold that C&F's responses and objections to four requests for admission are insufficient and that those requests should be deemed admitted.[2] Mot. Compel at 5, D.E. 24. Second, he requests that the court order C&F to respond to two interrogatories and two requests for production to which C&F levied objections. *Id.* And finally, he asks that the court order C&F to cover his expenses and attorneys' fees in bringing his motion. *Id.*

II.  Discussion

Because Jones's requests for admission pose factual hypotheticals that are relevant to his claim, C&F must answer them. And since Jones's interrogatories and requests for production similarly bear on the outcome of the case, C&F must respond to them. Parties will bear their own costs.

A.  **Requests for Admission**

Federal Rule of Civil Procedure 36 permits parties to serve written requests for admission about "facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36(a)(1)(A). The Advisory Committee has explained that Rule 36 exists to determine which factual issues can be eliminated from the case before its presentation to the jury and—if a fact can't be eliminated—to help the jury make decisions. Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment. A party who receives a request may admit that the information is true, deny its truth, or explain why it cannot pick one or the other. Fed. R. Civ. P. 36(a)(4). And while the answering party may object to requests for admission, the requesting party may petition the court to determine the sufficiency of an answer or objection. *Id.* at 36(a)(5)–(6).

---

[2] In the alternative, Jones would like the court to order C&F to serve adequate responses and allow him time to conduct follow-up discovery. *See* Mem. Supp. Mot. Compel at 8, D.E. 25.

Interpreting Rule 36, courts distinguish between permissible factual hypotheticals that are relevant to the case and impermissible hypotheticals that ask a respondent to provide answers to pure questions of law. *See, e.g.*, *Clean Earth of Md., Inc.* v. *Total Safety, Inc.*, No. 2:10–cv–119, 2011 WL 4832381, at *3 (N.D. W. Va. Oct. 12, 2011); *Abbott* v. *United States,* 177 F.R.D. 92, 93 (N.D.N.Y. 1997); *Parsons* v. *Best Buy Stores, L.P.,* No. 3:09–cv–00771, 2010 WL 2243980, at *2 (S.D. W. Va. May 19, 2010).

In *Clean Earth*, for instance, the court ruled that the defendant must answer a factual hypothetical asking it to disclose whether its job site would have extended beyond a certain town in West Virginia if the defendant had promised that it would make a soil delivery to the plaintiff. 2011 WL 4832381, at *3. Rather than asking the defendant to answer a purely legal hypothetical, this request for admission merely asked the defendant to predict a factual outcome based on a hypothetical situation related to the facts of the case. *Id.*

When a request for admission asks a respondent to predict an outcome based on a mix of law and hypothetical facts, by contrast, the request asks too much. *See, e.g.*, *Men of Destiny Ministries, Inc.* v *Osceola Cnty.*, No. 6:06-cv-624-Orl-31-DAB, 2006 WL 2048288, at *3 (M.D. Fla. July 20, 2006). In *Men of Destiny*, the plaintiff requested that a county government admit that it would have approved a permit based on a set of hypothetical facts. *Id.* The government responded by pointing to the various regulations that govern permit approval, but the plaintiff wanted a more concrete answer. *Id.* In denying the plaintiff's motion to compel a fuller response, the court stressed that the county's permit evaluation process depends on a mix of local statutes, regulations, public hearings, and internal staff review—such a multifaceted matrix of inputs rendered the request impossible to answer. *Id.*

4

In sum, while courts allow parties to pose discreet factual hypotheticals related to the facts of the case, they prohibit requests that invite pure legal conjecture, mix hypothetical facts with complex legal questions, or pose irrelevant hypotheticals.

Jones seeks responses to these four Requests for Admission:

> 29. Admit that C&F would have been willing to insure the New Holland CR7090 if it had been listed on the Schedule for the 2020–2021 renewal policy.
>
> 30. Admit that C&F would have been willing to insure the New Holland Header if it had been listed on the Schedule for the 2020–2021 renewal policy.
>
> 33. Admit that if the New Holland CR7090 and Header had been listed as the covered equipment for the 2020–2021 renewal policy, the premium charged by C&F for the 2020–2021 renewal policy would have been no greater than the premium already charged, if the New Holland equipment had been substituted for the AgCo equipment on the list of covered equipment.
>
> 34. Admit that if the New Holland CR7090 and Header had been listed as the covered equipment for the 2020–2021 renewal policy, the premium charged by C&F for the 2020–2021 renewal policy would have been less than the premium actually charged, if the New Holland equipment had been substituted for the AgCo equipment on the list of covered equipment.

Suppl. Resps. to Req. Admiss. at 4–6, D.E. 26–7. C&F objected to each of these requests, claiming that they pose improper hypotheticals irrelevant to the suit. *Id.*

C&F's objections hold no water. Courts do not—as C&F contends—uniformly prohibit requests for admission that inquire into hypothetical facts. *Compare* Mem. Opp'n Mot. Sanctions at 7 ("Plaintiffs' motion should . . . be denied because the requests are based on a hypothetical set of facts, which is improper."), *with, e.g., Clean Earth*, 2011 WL 4832381, at *3 (granting motion to compel request for admission of hypothetical factual conclusions). When those facts relate directly to the case, the responding party is not immunized from answering them.

None of Jones's hypothetical requests for admission asks C&F to make abstract legal conclusions. They merely ask what C&F would have done had Jones presented it with the correct actuarial inputs when he wished to insure his tractor. And unlike the county government in *Men*

5

of Destiny, see 2006 WL 2048288, at *3, C&F need not make an unknowable projection based on a mix of law and alternative facts to respond to Jones's requests. Presumably, C&F has access to its own internal guidelines from when Jones applied for coverage, and it could consult them to at least try to answer Jones's requests.³ And Jones has insured farm equipment with C&F—including, it seems, the very same New Holland tractor at issue here—in years before the scrivener's error, so the firm was not without knowledge of his risk profile. *See* Compl. at 3–4. Thus, the mere fact that Jones asked C&F to answer hypothetical questions cannot justify C&F's objection.

This leaves C&F's contention that these hypotheticals are "not relevant to the legal standard for reformation." Mem. Opp'n Mot. Compel at 8.

Contrary to C&F's claim, North Carolina courts do consider whether a mistake was mutual when determining whether reformation is proper. *See Metro. Prop. & Cas. Ins. Co.* v. *Dillard*, 487 S.E.2d 157, 159 (N.C. Ct. App. 1997). But this is only half the inquiry. Upon finding that a mutual mistake took place (and that reformation is therefore proper), courts next consider whether the misrepresentation caused by the mistake is material. *Id.* at 159–60. If so, the contract is voidable, even if the mistake was mutual. *See Tharrington* v. *Sturdivant Life Ins. Co.*, 443 S.E.2d 797, 800 (N.C. Ct. App. 1994). And North Carolina courts have long held that misrepresentation in an insurance application is material only "if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract, or in estimating the degree and character of the risk, or in fixing the rate of premium." *Id.* (quotation omitted).

Because Jones's hypotheticals ask whether the IOC agent's mistake caused C&F to issue a policy it otherwise would have withheld, they target the materiality prong of the North Carolina

---

³ Parties must make a reasonable inquiry into requests for admission before denying them or contending that they cannot be answered. Fed. R. Civ. P. 36(a)(4).

contract law analysis—not the reformation prong. So the requests for admission seek relevant information and thus are appropriate.

C&F is free to claim that it would not have insured Jones's New Holland tractor if IOC had filled out the paperwork correctly. It is also free to claim that it lacks access to sufficient information to make an informed retroactive projection, which would "facilitate proof with respect to issues that cannot be eliminated from the case" before it goes to a jury. Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment. C&F may not, however, refuse to answer the requests wholesale without even a cursory look into its own underwriting guidelines when it processed the insurance application. Jones's requests for admission strike at the heart of one question the jury will be asked to answer should this case go to trial; C&F must answer them.

B.  **Interrogatories and Requests for Production**

The Federal Rules allow parties to serve an interrogatory that requests "an opinion or contention that relates to fact or the application of law to fact[.]" Fed. R. Civ. P. 33(a)(2). This type of request, known as a contention interrogatory, asks a party to do one or more of the following: "(1) state its contentions or clarify whether it is making a contention, (2) articulate the facts underlying a contention, (3) assert a position or explain that position in relation to how the law applies to the facts, and (4) explain the legal or theoretical basis behind a contention." *Capacchione* v. *Charlotte-Mecklenburg Sch.*, 182 F.R.D. 486, 489 (W.D.N.C. 1998). And Rule 37 allows parties to seek a motion to compel responses from opponents who fail to fulfil their discovery obligations. Fed. R. Civ. P. 37(a)(3)(B).

Jones asks that the court compel C&F to answer two contention interrogatories and two related requests for production.[4] Each request asks C&F to provide supporting facts, information,

---

[4] Specifically, Jones seeks answers to Interrogatories 8 and 9 and Requests for Production 3 and 4. *See* Suppl. Resps. to Interrogatories & Reqs. Prod. at 6–7, 9, D.E. 26-8.

or documents if it claims that it would not have insured Jones's New Holland tractor at the same (or a more favorable) premium had the paperwork been filled out properly.

Again, C&F claims that these requests pose irrelevant hypotheticals. And again, its objections lack merit. C&F cannot simply refuse to answer all questions related to the materiality prong of North Carolina courts' analysis by pretending as though it doesn't exist. *Compare* Mem. Opp'n Mot. Compel at 9 ("C&F's contentions and underwriting guidelines with respect to a different set of facts, that did not occur, is not relevant."), *with Tharrington*, 443 S.E.2d at 800 (explaining that a misrepresentation in an insurance application is material if it influenced the rate of premium). C&F's willingness to insure the New Holland equipment at a premium less than or equal to what Jones paid to insure the phantom AgCo tractor is hardly irrelevant—it likely determines whether the mistake was material. For the same reasons discussed above, then, C&F must respond to Jones's discovery requests.

### C. Costs

Under the Federal Rules, the court must sanction a party that fails to admit to true information in a request for admission unless an exception applies. Fed. R. Civ. P. 37(c)(2). It may also impose sanctions for failure to respond meaningfully to discovery requests after the deficient party has a chance to be heard. *Id.* at 37(c)(1).

Jones asks that the court award him reasonable attorney's fees and expenses in bringing this motion. But because the court will give C&F a final opportunity to respond to Jones's requests, the court will decline his request.

### III. Conclusion

For the above reasons, the court grants in part Jones's motion to compel (D.E. 24) and orders the following:

- C&F will have 21 days from the date this order issues to answer Requests for Admission 29, 30, 33, and 34.

- C&F will have 21 days from the date this order issues to respond to Interrogatories 8 and 9 and Requests for Production 3 and 4.

- The parties may agree to a different deadline regarding the prior two paragraphs.

- The parties will bear their own costs.

Dated: November 18, 2022

_____
Robert T. Numbers, II
United States Magistrate Judge