IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-00025-FL

| | |
|---|---|
| **Adam Jones,** d/b/a Triple J Farms **& Lawver Insurance & Financial Services,** d/b/a Insurance of the Carolinas,<br><br>Plaintiffs,<br><br>v.<br><br>**Crum & Forster Specialty Insurance Company,**<br><br>Defendant. | **Order** |

Adam Jones and the brokerage firm he hired to help him buy insurance for a farming tractor, Insurance of the Carolinas, have sued Crum & Forster Specialty Insurance Company, seeking to retroactively reform an insurance contract and recover damages after a fire destroyed the tractor. Compl., D.E. 1-3. Discovery has closed, but the parties have been unable to agree on the sufficiency of one another's responses. Late last year, the court granted in part the Plaintiffs' motion to compel discovery responses, and now C&F asks the court to assess the sufficiency of nine of the Plaintiffs' responses to C&F's requests for admission. *See* Order Granting in Part Pls.' Mot. Compel, D.E. 29; Def.'s Mot. Compel, D.E. 30. Eight of these requests target IOC; one targets Jones. *See* Mem. Supp. Def.'s Mot. Compel at 9,

D.E. 31. For the reasons below, the court grants in part C&F's motion—eight of the nine requests will be deemed admitted.

## I. Background

In March 2021, Jones's New Holland-brand combine and header were destroyed by a fire. Prior to the fire, Jones attempted to use IOC's brokerage services to help him insure the equipment. Because of a scrivener's error by one of IOC's employees, however, the schedule submitted alongside the insurance application listed the name and serial number of an AgCo-manufactured combine and header—not New Holland equipment. C&F contends that this error was a unilateral mistake that left the destroyed tractor uninsured. Jones and IOC assert that the mistake was mutual and seek to recover under the contract.

Discovery in this case closed in October 2022, but the parties have repeatedly disagreed about the sufficiency of one other's discovery responses. *See* Case Management Order, D.E. 19. Prior to the close of discovery, Plaintiffs moved to compel a handful of responses from C&F, which this court granted in November. *See* Order Granting in Part Pls.' Mot. Compel. Later that month, C&F filed its own motion to compel. This motion asks the court to determine the sufficiency of nine of Plaintiffs' responses to C&F's requests for admission. *See* Def.'s Mot. Compel at 2. In broad strokes, these requests for admission center around two questions: First, did the application submitted by IOC to C&F mention New Holland equipment, or did

2

it only list AgCo equipment? *Id.* at 1. And second, before the fire, did IOC inform C&F or its broker that the equipment listed on the policy was incorrect? *Id.* Eight of these nine requests were made to IOC, while one was levied to Jones. *Id.* at 2.

C&F maintains that the answers to these two questions are undisputed—throughout their filings, Plaintiffs do not deny that the application listed the wrong equipment, and they do not contend that they tried to correct the error before the tractor's demise. *See* Mem. Supp. Def.'s Mot. Compel. at 2. But C&F claims that Plaintiffs provided evasive responses that leave it guessing whether facts that previously seemed uncontested are actually in dispute. *Id.* at 3. Plaintiffs counter that C&F is trying to force them to answer questions without providing the requisite context necessary to understand their responses and purport that they are merely exercising their "right to explain and qualify." Mem. Opp'n Def.'s Mot. Compel at 2, D.E. 34. They also claim that the requests make incorrect assumptions and are otherwise confusing. *See, e.g.*, IOC's Responses at 5, D.E. 31-7.

Although Plaintiffs characterized their responses to C&F's requests as denials, they nevertheless contend that they admit the relevant information within their answers. *See id.* at 3; Mem. Opp'n Def.'s Mot. Compel at 3–6. These responses have left C&F confused as to whether Plaintiffs actually plan to leave these two questions of fact to the jury. *See* Mem. Supp. Def.'s Mot. Compel at 8.

3

## II. Discussion

Federal Rule of Civil Procedure 36 allows parties to serve requests that call on the responding party to admit or deny issues of law or fact or the genuineness of documents. Fed. R. Civ. P. 36(a)(1). The Advisory Committee Notes explain that Rule 36 exists to determine which factual issues can be eliminated from the case before its presentation to the jury and—if a fact can't be eliminated—to help the jury make decisions. Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment. In response to a request, a party may admit the matter, deny it, or specify in detail why they can neither admit nor deny it. Fed. R. Civ. P. 36(a)(4). But not every response to a request for admission falls neatly into one of those categories. At times, the responding party may need to admit part of an admission and deny the rest. A responding party may also need to qualify its answer. When those circumstances arise, the answering party "must specify the part admitted and qualify or deny the rest." *Id.* 36(a)(4).

Parties may disagree over whether a response complies with the Federal Rules. In that case, the requesting party may ask the court "to determine the sufficiency of an answer[.]" *Id.* 36(a)(6). If the court finds "that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id.* Courts most often declare a matter admitted when a responding party answers a Rule 36 request evasively or in bad faith. *See, e.g.*,

4

*House* v. *Giant of Md., LLC*, 232 F.R.D. 257, 262 (E.D. Va. 2005) ("Gamesmanship in the form of non-responsive answers, vague promises of a future response, or quibbling objections can result in the request being deemed admitted."). Because the court finds that Plaintiffs' answers to most of C&F's questions are unnecessarily evasive, it will declare all but one of the requests admitted.

**A. IOC Requests**

C&F points to eight requests for admission that IOC allegedly refuses to adequately answer. *See* Def.'s Mot. Compel at 2. As discussed above, these requests ask IOC to admit that all mention of New Holland equipment was absent in Jones's application for insurance and that IOC did not inform C&F or its broker of the mistake until after the equipment was destroyed. The requests for admission will be discussed in turn.

Request one asks IOC to "admit that the application submitted by IOC on behalf of [Jones] for the CFSIC Policy only listed AgCo equipment." *See* IOC's Responses at 3. C&F defines the "CFSIC Policy" as the policy issued by C&F to Jones for 2020-2021. Requests for Admission at 2, D.E. 31-6. IOC denied this request. IOC's Responses at 3. To explain its denial, IOC states that the insurance application for the prior year[1] referred to New Holland equipment and that Jones

---

[1] IOC cites Jones's 2019–2020 policy, but this case is about only the 2020–2021 policy. It is clear from the context of this case that C&F sought an admission about the policy that the parties actually disagree about—not a policy from years earlier. That IOC listed New Holland

later decided against acquiring an AgCo tractor. *Id.* It then launches into its theory of the case, briefly acknowledging that the application contained the wrong brand name before citing North Carolina caselaw for its proposition that the labeling mistake did not render the equipment uninsured. *Id.*

This response is insufficient. Neither IOC nor Jones has contested the authenticity of the application that turned up during discovery. *See* Mem. Opp'n Def.'s Mot. Compel at 3. And in other filings, Plaintiffs have readily admitted that the 2020-2021 policy application contained the wrong information because of a scrivener's error committed by an IOC employee. *See id.* (providing several examples of Plaintiffs conceding that the application was incorrectly filled out). In short, Plaintiffs have consistently stated that a mistake occurred, causing the 2020-2021 application to bear incorrect information—it is bizarre that they now purport to deny a request to admit that same information and instead present their legal arguments. *Cf. Wang* v. *Omni Hotels Mgmt. Corp.*, No. 3:18-cv-2000 (CSH), 2021 WL 5905021, at *10 (D. Conn. Dec. 14, 2021) ("Objecting to a request in total and writing a summary of one's legal theory of the case in response is not good faith qualification."). Thus, the court deems admitted that the 2020-2021 application submitted by IOC on behalf of Jones only listed AgCo equipment.

---

equipment in an earlier insurance application has nothing to do with whether it listed the correct information in the application at issue.

The second and third requests for admission are similar. Request two asks IOC to "admit that IOC never submitted an application on behalf of [Jones] for the CFSIC Policy listing any New Holland equipment." IOC's Responses at 3. And request three prompts IOC to "admit that prior to [the fire], IOC never requested that any new Holland equipment be insured under the CFSIC Policy." *Id.* at 4. Again, IOC evades the question by referencing a prior policy and citing caselaw. *See id.* at 3–4. And again, the court sees fit to find these requests admitted—IOC did not submit a 2020-2021 policy application on Jones's behalf to C&F requesting coverage for New Holland equipment. Whether this was Plaintiffs' intent is a question for the jury, but it is unrelated to IOC's obligation to answer C&F's requests candidly.

Requests four through seven ask IOC to admit that, before the tractor's destruction, IOC never alerted C&F or its broker that the application (or the policy C&F ultimately issued based on the application) contained incorrect information. *See* IOC's Responses at 4–7. IOC answers each of these requests with a similar denial. It first claims that each request is "confusing and misleading to the extent that it assumes that all submissions from IOC on behalf of Mr. Jones were incorrect[.]" *See, e.g.*, *id.* at 5. After laying out its objections, it adds: "Admitted only that IOC did not request that the brand name for the combine and header owned by Mr. Jones and insured under the Crum & Forster policy be corrected to the New

7

Holland brand for the renewal term rather than the AgCo brand[.]" *See, e.g.*, *id.* In what has become a familiar pattern in its responses, IOC then cites to case law undergirding its theory of the case. *See, e.g.*, *id.*

These responses are too confusing. IOC frames them as denials, which would suggest that it wishes to preserve these issues for trial. *See* Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment. But later in each of its responses, IOC essentially admits that it did not raise the error with C&F or its broker before the fire. On the whole, these responses are unnecessarily evasive and look more like semantic gamesmanship than a good-faith qualification of C&F's position. IOC's other filings in this case—and its own responses to C&F's requests for admission—indicate that it did not alert C&F or its broker that the 2020-2021 application and resulting policy contained the wrong name or serial number of the equipment to be insured until after the equipment was destroyed. Thus, this information is deemed admitted by the court.

Finally, request eight asks IOC to "admit that IOC requested that the New Holland equipment that had been insured . . . [by the 2019-2020 policy] be replaced with AgCo equipment for the following policy period[.]" IOC's Responses at 8. IOC flatly denied this request. *Id.* Unlike its other responses, IOC's response to C&F's eighth request does not seem evasive or self-contradictory—it is an unembellished denial. The court will not force IOC to admit something it plainly wishes to refute,

8

so it will deny C&F's motion to compel as to request eight alone. The court, however, reminds the parties that failure to admit to true information can lead to sanctions under Rule 37. *See* Fed. R. Civ. P. 37(c)(2). Should a party later prove that a denied item is true, the denying party may have to pay the reasonable expenses the other party incurred in making that proof. *Id.*

### B. Jones Request

C&F also challenges Jones's response to its first request for admission. Def.'s Mot. Compel at 2. This request is identical to the first request that C&F sent IOC, and Jones's response mirrors IOC's. *See* Jones's Responses at 3, D.E. 31-8. Thus, the court finds it admitted as well.

## III. Conclusion

For the reasons discussed above, C&F's motion to compel (D.E. 30) is granted in part. As answers to C&F's first seven requests for admission to IOC and its first request for admission to Jones, the court finds the following information admitted:

- The 2020-2021 application submitted by IOC on behalf of Jones only listed AgCo equipment.

- IOC did not submit a 2020-2021 policy application on Jones's behalf to C&F requesting coverage for New Holland equipment.

- IOC did not alert C&F or its broker that the 2020-2021 application and resulting policy contained the wrong name or serial number of the equipment to be insured until after the equipment was destroyed.

Dated: January 23, 2023

_____
Robert T. Numbers, II
United States Magistrate Judge