Civil Action No. 7:22-cv-00025-FL

| | |
|---|---|
| ADAM JONES d/b/a TRIPLE J FARMS and LAWVER INSURANCE & FINANCIAL SERVICES d/b/a INSURANCE OF THE CAROLINAS, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## DECLARATION OF R. BRYAN TILDEN

R. Bryan Tilden, pursuant to 28 U.S.C. § 1746, hereby declares:

1.     I am more than 18 years of age and all statements in this Declaration are based on my personal knowledge except as otherwise stated.

2.     I have been engaged as an expert witness for Plaintiffs Adam Jones d/b/a Triple J Farms and Lawver Insurance & Financial Services d/b/a Insurance of the Carolinas ["Plaintiffs"] in this case.  Copies of my original expert report dated August 12, 2022 ["my Original Report"] and rebuttal expert report dated October 3, 2022 ["my Rebuttal Report"] are attached to this Declaration as **Exhibits T1** and **T2**.  These reports accurately state the opinions that I had formed – and still hold – in this case and the basis for those opinions.  The reports are incorporated into this Declaration by reference.

3. My Original Report and its attachments accurately reflect my background and experience. As reflected in the Report, I have over 48 years of experience in the insurance industry in various capacities set forth therein.

4. My Original Report listed the documents that I had reviewed as of the time of that report. My Rebuttal Report listed additional documents I had reviewed after writing my Original Report.

5. After my Rebuttal Report, additional documents were produced by Crum and Crum's agent, RT Specialty, and were reviewed by me. Those documents are the following:

A. Crum's Suppl. Document Production, Bates numbered as CF-00124 – CF-00275

B. RT Specialty Document Production, Bates numbered as RTS-0001 – RTS-1498

C. Crum's Supplemental Response to Plaintiffs' Request for Admission

D. Crum's Supplemental Response to Plaintiffs' Interrogatories and Request for Production of Documents

E. Crum's Brief in Support of Motion to Determine Sufficiency of Responses to Admissions/Motion to Compel

F. Order on Crum's Motion to Determine Sufficiency of Responses to Admissions/Motion to Compel

G. Crum's Summary Judgment package (Motion for Summary Judgment, Brief in Support of Motion for Summary Judgment, Statement of Material Facts, and Exhibits)

6. The documents that were produced and that I reviewed after both my Reports were written reinforce and support the opinions that I expressed in those Reports:

A. My Reports concluded that Crum charged a premium rate of $1.40 per hundred dollars of value for Mr. Jones' equipment, regardless of whether the brand name was New Holland or AgCo. [Tilden Rept. pp. 9, 15; Tilden Reb. Rept. p. 6]. I determined that rate consistent with practices in the insurance industry, by dividing the premium charged or quoted by Crum, as shown in the produced documents, by the value listed for the equipment covered by the quote or policy.

B. The documents produced in discovery after my Reports were written confirm my conclusion that Crum charged the same premium rate regardless of the brand of equipment. Specifically, Crum's Underwriting Guidelines (Insurance Contract/Binding Inland Marine General Guidelines), produced in discovery by its agent, RT Specialty, expressly state that Crum charges a premium of $1.40 per hundred dollars of value, and the Underwriting Guidelines do not make any distinction between brands of equipment. [Tilden Rept. pp. 9, 15; Tilden Reb. Rept. p. 6].

C. My Reports concluded that there was no evidence in the underwriting files produced by Crum reflecting that there was any difference in insurability between New Holland equipment and AgCo equipment. Again, this is confirmed by the Crum Underwriting Guidelines that make no distinction between brands of equipment. [Tilden Rept. pp. 9, 15; Tilden Reb. Rept. p. 6].

- 3 -

D.     The conclusions in my Reports are further reinforced by Crum's Supplemental Discovery Responses submitted in response to Court Order. In responding to Plaintiffs' interrogatories and document requests seeking information about why Crum would not have been willing to insure the New Holland equipment at the same rate as if it were AgCo equipment, Crum produced no information and pointed to no factors that would have made the New Holland equipment less insurable than the AgCo equipment, or that would have resulted in a different premium rate. [Tilden Rept. pp. 9, 15; Tilden Reb. Rept. p. 6].

E.     The documents produced by RT Specialty also reinforce the conclusions stated in my reports that Crum refunded only the premium for the unexpired part of the policy term (on a short rate basis) after the policy was terminated effective April 6, 2021 (16 days after the fire loss), and thus Crum retained the premium it charged for the policy from November 13, 2020 through April 6, 2021. [Tilden Rept. p. 15; Tilden Reb. Rept. pp. 4-5]. The documents produced by RT Specialty include the check making the refund, and it confirms that the refund was only $1,528.31, compared with the total premiums on the policy (exclusive of taxes and other fees) being $2,940.00. The difference between the refund check and the total premiums paid confirms that this was a short-rate refund of the unearned premiums for the unexpired part of the policy term after the termination.

7.     The Subpoena issued by Plaintiffs to RT Specialty (copy attached to this Declaration as **Exhibit T3**) requested RT Specialty to produce:  All documents setting forth

guidelines, policies, and practices that were utilized in or applicable to underwriting the Crum & Forster Policy or setting premiums for the same, specifically including, but not limited to, any guidelines, policies, and practices that would reflect whether the specific brand name of the combine and header owned by Adam Jones d/b/a Triple J Farms ("Mr. Jones") would have affected the decision to insure that combine and header under the Crum & Forster Policy. RT Specialty produced only a two-page document titled Crum & Forster Insurance Contract/Binding Inland Marine General Guidelines, but did not produce any documents reflecting any change in guidelines in the practices or procedures between June of 2020 and November of 2021 that would have made Crum less willing to insure the New Holland equipment in June of 2020, as reflected by the quote that it issued in May of 2020 and the Endorsement adding the New Holland combine to the policy as of June 5, 2020.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This the 15 day of February, 2023.

_____
R. Bryan Tilden

3796252/L53018