Civil Action No. 7:22-cv-00025-FL

| | |
|---|---|
| ADAM JONES d/b/a TRIPLE J FARMS and LAWVER INSURANCE & FINANCIAL SERVICES d/b/a INSURANCE OF THE CAROLINAS, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

## SUPPLEMENTAL DECLARATION OF R. BRYAN TILDEN

R. Bryan Tilden, pursuant to 28 U.S.C. § 1746, hereby declares:

1. I am more than 18 years of age, and all statements in this Supplemental Declaration are based on my personal knowledge, except as otherwise stated.

2. As stated in my prior expert reports and my original Declaration, I have been engaged as an expert witness for Plaintiffs Adam Jones d/b/a Triple J Farms ["Mr. Jones"] and Lawver Insurance & Financial Services d/b/a Insurance of the Carolinas ["IOC"] [collectively, "Plaintiffs"] in this case. Copies of my original expert report dated August 12, 2022 ["my Original Report" (ECF 47-1)] and rebuttal expert report dated October 3, 2022 ["my Rebuttal Report" (ECF 47-2)] were attached to my original Declaration, which was filed with the Court on February 16,

2023 ["my original Declaration" (ECF 47)], as Exhibits T1 and T2 and are reattached to this Supplemental Declaration as **Exhibits T1** and **T2**. These reports and my original Declaration accurately state the opinions that I had formed – and still hold – in this case and the basis for those opinions. My Original Report and its attachments, including my curriculum vitae, summarize my background and over 48 years of experience in the insurance industry. *See* Exhibit T1. The reports and my original Declaration are incorporated into this Supplemental Declaration by reference.

3. My long, extensive, and diverse insurance industry experience enables me to speak to the industry's customs and practices, as stated in my Original Report. *See* Exhibit T1 at p. 3. Where appropriate, I cite in my Original Report, my Rebuttal Report, my original Declaration, and this Supplemental Declaration to various sources frequently consulted and relied upon by me and others in the industry. Wherever a particular statement does not contain an express citation, it is based on my own personal experience, expertise, writings, teaching, consultation, and feedback from and communication with professionals in the insurance industry over those 48 years on matters relevant to that statement, which enable me to provide my expert opinion with respect to that particular topic. This is the approach and format I have followed, without objection, in expert reports submitted in state and federal courts. As stated in my Original Report, if any of the terminology or concepts I reference or discuss have any overlap or congruence with legal terms, those terms are not being used as legal terms but rather as terms of art as they are commonly used and understood in the insurance industry. *See* Exhibit T1 at p. 3.

4. My Original Report listed the case-specific documents that I had reviewed as of the time of that report. *See* Exhibit T1 at pp. 3-4. My Rebuttal Report listed additional case-specific documents I had reviewed after writing my Original Report. *See* Exhibit T2 at pp. 2-4. Further, my Declaration identified additional case-specific documents that I reviewed and considered,

including pleadings and documents that were produced by Crum and Crum's agent, RT Specialty, after my Original Report and Rebuttal Reports were served. Those additional documents are listed in my original Declaration (ECF 47), attached here as **Exhibit T4**, in paragraph 5.

5.      In my Original Report, I referenced and quoted the "Loss Payment" provision of the Crum policy's Commercial Inland Marine Conditions produced by Crum in discovery. *See* Exhibit T1 at p. 11. I did not undertake to interpret that Loss Payment provision, nor do I purport to do so here. Instead, after quoting this Loss Payment provision, I spoke from my experience in the insurance industry to explain how the general principle of indemnity is understood in the industry and the fact, based upon common knowledge in the industry, that only those parties who suffer financial loss may be indemnified, and then only to the extent of their loss. *See* Exhibit T1 at pp. 11-12. In other words, it is universally recognized in the industry that an insured may only receive payment for its financial interest in the covered property. *See id*. Similarly, in my Rebuttal Report, I again quoted the Loss Payment provision of the Crum policy and stated that, in the custom and practice of the insurance industry (based on my experience), an insured's interest refers to a financial interest. *See* Exhibit T2 at pp. 6-7. As stated in my Rebuttal Report, Mr. Jones did not have a financial interest in the AgCo equipment because his Declaration and Supplemental Declaration states that he did not own, lease, or otherwise suffer an economic loss in it. My statements and opinions set forth in my Original Report, Rebuttal Report, and original Declaration have not changed.

6.      In my Original Report, I reference the fact that the Crum policy at issue provided coverage on an actual cash value basis. *See* Exhibit T1 at p. 12. I cite the Crum policy for this statement, which on its face references the fact that the policy is actual cash value. I do not undertake to interpret that policy or the applicable provision. Instead, I explain the basic concept

of "actual cash value" based on my over 48 years of experience in the insurance industry and the definition of that principle as it is understood and used among those in the industry. Through my work, I am very familiar with property valuation, as well as the concept of actual cash value and its application to claims adjustment after a property loss.

7. In discussing the concept of actual cash value basis, I briefly referred to the likely depreciation and useful life of Mr. Jones' New Holland combine and header in my Original Report. *See* Exhibit T1 at pp. 12-13. Based on my experience in the insurance industry, my own work, and my observation of other insurance professionals' practices and methods, I utilized my knowledge to apply straight line depreciation to Mr. Jones' New Holland combine and header based on the engine and threshing hours on the machine at the time of purchase.[1] I made my statements based upon Mr. Jones' statements and documentation relevant to the value of his New Holland equipment.

8. For the reasons stated in my Original Report, my Rebuttal Report, and my original Declaration, it is my opinion that Crum failed to reasonably investigate Mr. Jones' claim, failed to settle his claim, and compelled this litigation. That remains my opinion. In reaching this opinion, I drew from my experience, as summarized in my Original Report and accompanying curriculum vitae, including my experience as a frequent expert for insurance carriers defending against allegations of unfair and deceptive trade practices, my experience teaching courses for insurance adjusters, and my time as an employee, Director of Education, and Director of Technical Affairs for the Independent Insurance Agents of North Carolina, Inc. ("IIANC"). *See* Exhibit T1 at pp. 2-3 and Ex. A.

---

[1] Jones Decl. (ECF 24-12) Ex. A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This the __14__ day of March, 2023.

_R. Bryan Tilden_

R. Bryan Tilden

- 5 -