# SUPPLEMENTAL DECLARATION
# OF R. BRYAN TILDEN

# EXHIBIT T2
# (10/3/22 Rebuttal Expert Report)

Case 7:22-cv-00025-FL     Document 60-2     Filed 03/16/23     Page 1 of 19

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ADAM JONES d/b/a TRIPLE J FARMS and LAWVER INSURANCE & FINANCIAL SERVICES d/b/a INSURANCE OF THE CAROLINAS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 7:22-cv-00025-FL |
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, Defendant. | ) ) ) ) ) | |

Rebuttal Expert Report of
R. Bryan Tilden, CPCU, CLU, ARM, ALCM, ChFC, CIC, SCLA
TILDEN AND ASSOCIATES
Pittsboro, North Carolina
October 3, 2022

1

# PREFACE

I, R. Bryan Tilden, offer the following rebuttal report containing a statement of my opinions and the basis and reasons thereof, the data or other information considered in forming the opinions, my qualifications, and the compensation I am to be paid.

I have been retained by Manning, Fulton, & Skinner, P.A., to review certain materials and to, in summary, provide my expert opinions relating to rebutting the expert report of Ernest Csiszar.

My curriculum vitae are attached hereto as Exhibit A. I prepared this report after reviewing the documents listed below. My billing rate for consulting expert and expert witness work is $300 an hour.[1] Because discovery is ongoing, I reserve the right to supplement or amend this report based on the new information. These are my opinions to a reasonable degree of professional certainty.

## Additional Documents Considered

12. Crum & Forster's expert report of Ernest Csiszar;

13. Adam Jones' Responses to Defendant's First Requests for Production;

14. Adam Jones' Responses to Defendant's First Requests for Admission;

15. IOC's Responses to Defendant's First Requests for Production;

16. IOC's Responses to Defendant's First Requests for Admission;

17. Crum Declaration of Lori Coughlin;

---

[1] No portion of my compensation is dependent upon the result of this litigation.

18. IOC Supplemental Document Production BATES IOC-0322 – IOC-0345;

19. Jones Supplemental Document Production BATES JONES-004 – JONES-054;

20. Letter from Kennedys to Spencer Wiles, September 1, 2021;

21. June 2, 2020, Email from Libby Ashley to Thomas Burke;

22. June 5, 2020, Email from Libby Ashley to Thomas Burke;

23. CF 00190 – Endorsement Policy Change #3;

24. IOC's 2nd Supplemental Production, BATES IOC-0346 – IOC-0433;

25. Additional miscellaneous emails:

   a. IOC-0004;

   b. IOC-0007;

   c. IOC-0122;

   d. IOC-0123;

   e. IOC-0130;

   f. IOC-0339;

   g. IOC-0343;

26. Email from Michael Medford to Alexandra Bachman dated September 19, 2011;

27. Email from Kristin V. Gallagher to Michael Medford dated September 20, 2011;

3

28. Crum's Supplemental Response to Request for Admissions; and

29. Crum's Supplemental Response to Interrogatories and Request for Production of Documents.

# **Background**

This report is submitted in rebuttal to Ernest Csiszar's expert report dated September 13, 2022, for Crum. Although I disagree with many statements in Mr. Csizar's report, many of which misstate facts and misdescribe documents, I focus on those that may be material to the issues presented.

This case, as previously discussed in my Expert Report of August 12, 2022, involved fire damage to farm equipment on March 20, 2021. Crum & Forster Specialty Insurance Company ("Crum") issued policy number BAK-56593-2 effective November 13, 2020, to November 13, 2021 (the "2020-2021 Policy").

*Policy Was Not Cancelled as of Inception*

Mr. Csiszar, in ¶ 51 of his report, states that Crum canceled the policy to the inception date. Lori Coughlin, Executive Underwriter for Crum, in her Sworn Declaration of September 18, 2022, stated the same in ¶ 14. These statements are incorrect and misrepresent the documents reflecting the cancelation and refund.

The Crum policy was a premium financed policy.[2] After the fire, the premium finance company requested on April 6, 2021, that the 2020-2021 Policy be canceled for non-payment of premium to the premium finance company.[3] Crum issued Policy Change Number 3, canceling the coverage effective April 6, 2021, and returned $1,602.00 in premium while the endorsement stated

---

[2] JONES-023 – JONES-026; CF_00235 – CF_00236.
[3] CF_00240 – CF_00242.

4

that the full-term premium was $2,940.00.[4] This was a short-rate cancellation, which is calculated at 90% of the pro-rata return premium. (The pro-rata return premium is the premium for the period from the cancellation date of April 6, 2021, to scheduled end of the policy November 13, 2021). If, as claimed by Mr. Csiszar's report and Ms. Coughlin's Sworn Declaration, the policy had been canceled *ab initio*, then the return premium would have been $2,940 plus taxes and fees. The email from Crum's attorney dated September 21, 2022, confirms that this April 6, 2021, cancellation pursuant to the notice from the premium finance company is the cancellation being referred to.

Because Crum canceled the policy on April 6, 2021, after the loss, and the return premium was for the period of April 6, 2021, to the policy expiration date of November 13, 2021, Crum kept the premium from inception through the loss date of March 20, 2021. This means that Crum accepted and kept the premium for a term of coverage that included the date of loss even though, in its view, there was no coverage provided under the policy.

*Accurate Description*

Mr. Csiszar, in ¶ 52 of his report, states that "what is being covered is the single most significant piece of information for the underwriter." There are fewer classifications within commercial inland marine coverages than most other lines. The reason is that there are a great number of policies, so just the selection of a type of policy amounts to classification. Furthermore, there are a relatively small number of risks that buy each policy, and any further classification reduces the size of each class to the point that the experience would not be credible.

---

[4] CF_00190 – CF_00191.

5

Many times, such as in this case, the equivalent of classifying is conducted during the underwriting process when the applicant is fitted to the right policy. The policy requested and issued is a Contractors Equipment Coverage Form covering one combine and one header. This is the form that previously insured the New Holland Equipment and set the terms of the coverage. The pricing, in both policy terms, was $1.40 per hundred of value. The assessment of risk was the same for both policy periods. The only item that changed was an incorrect description (New Holland versus AgCO) that did not affect risk, insurability, or rate. The brand name of a combine is not material to the underwriting of a combine, just as the house number is not material to underwriting a dwelling. The only difference in premium is that Crum charged a higher premium on the AgCo equipment, because of slightly higher values using the same rate, which is a benefit and not a detriment to Crum.

*Rate Structure*

Mr. Csiszar, in ¶ 53, argues that Crum underwrote AgCo equipment, and the rate structure does not matter. In breaking down his opinion, he only offers speculation and not facts. This is evidenced by many sentences beginning with "what if" and concluding with "?". It is telling that Ms. Coughlin's Sworn Declaration does not state that Crum *would* not have written the New Holland Combine for the same or lower premium, only that Crum *did* insure the AgCo equipment,

Mr. Csiszar concludes that the Crum policy covers property, not people. This approach is novel in the world and is without support statutorily, by insurance contract design, and academically. In my Expert Report dated August 12, 2022, I presented the academic basis that a contract of insurance is a personal contract.

6

Without interpreting NCGS § 58-1-10, Contract of Insurance refers to "something in which the other party has an interest." In the custom and practice of the insurance industry, interest refers to financial interest. Jones did not have a financial interest in the AgCO equipment because he did not own or lease it.

Crum's 2020-2021 Policy states:[5]

## E. Loss Payment
1. We will give notice of our intentions within 30 days after we receive the sworn proof of loss.
2. We will not pay you more than your financial interest in the Covered Property.

According to Mr. Csiszar's statement that Crum's policy "covered property, not people," Mr. Jones could have been indemnified *even if Mr. Jones had no financial interest* in the property. This outcome not only violates the plain reading of the insurance policy but also leads to wagering. If the property were insured versus the person, a benefit greater than the loss sustained would occur, and the insured *would profit from a loss*.

His statement that Crum's policy "covered property, not people" only accounts for physical hazards. It does not account for *moral hazard*, which is understood by insurance practitioners as a defect or weakness in human character that leads some people to exaggerate losses or intentionally cause them, in order to collect insurance proceeds. It also does not account for *morale hazards*, which is the tendency of people to be less careful about preventing losses when they are insured. Neither moral nor morale hazards are present in this case.

---

[5] JONES-041.

Case 7:22-cv-00025-FL Document 60-2 Filed 03/16/23 Page 8 of 19

In his arguments, he researched the internet and found many prices and costs and uses that as a speculative basis reasoning that Crum *maybe, possibly,* would not have written the New Holland Equipment. He ignores the fact that Crum wrote the New Holland combine in the previous policy year and neither he nor Crum has provided any evidence that Crum's willingness to insure New Holland Equipment changed between the first and second policy year. He also ignores the fact that Mr. Jones is asking to be indemnified for an amount *less than* the schedule limit of $210,000. Mr. Csiszar and the Declaration of Ms. Coughlin do not state that the misdescription of the brand name actually affected underwriting in this case or that Crum would have declined to cover the New Holland Equipment or that Crum would have charged a higher premium if the misdescription had not occurred. In addition, none of the documents produced by Crum in discovery or otherwise reflect any guidelines or rules that make the brand misdescription material or indicate that Crum would have charged a higher premium or would not have been willing to insure the New Holland Equipment in the 2020-2021 Policy year.

*Mutual Mistake*

Mr. Csiszar, in ¶ 55, argues that there was no mutual mistake. This belies the record. The documents are clear that both policies intended that the policy was to cover a combine and header owned by Mr. Jones. On May 27, 2020, Libby Ashley, a licensed insurance agent with IOC Insurance of the Carolinas ("IOC"), requested a quotation on two pieces of AgCO equipment that Mr. Jones was considering leasing.[6] Ms. Ashley requested a second quotation for the New Holland Equipment on May 29, 2020.[7] Thomas Burke of RT Specialty, Crum's agent, pointed out to Libby Ashley, IOC Insurance of the Carolinas licensed insurance agent, that adding the New Holland

---

[6] IOC-0005.
[7] IOC-0008 – IOC-0009, IOC-0344 – IOC-0345.

Case 7:22-cv-00025-FL Document 60-2 Filed 03/16/23 Page 9 of 19

Equipment would exceed the $500,000 maximum limit of the policy.[8] Both quotations were provided to Mr. Jones around June 1, 2020.[9] Mr. Jones decided to purchase the New Holland Equipment and not lease the AgCo equipment.[10]

After IOC presented the quotations to Mr. Jones and after learning of his decision to go with the New Holland Equipment, IOC advised Mr. Burke that Mr. Jones would not be adding the leased items (i.e., the AgCO equipment) because he was purchasing the New Holland equipment.[11] Mr. Csiszar, in ¶ 57 of his report incorrectly states "IOC did inform RT that TJF had leased the very same AgCo equipment." This ignores the subsequent email in which IOC informed RT that Mr. Jones had decided to purchase the New Holland Equipment instead of leasing the AgCO equipment. He mistakenly complains, based on his incorrect fact, that "this smacks of disingenuousness" by Mr. Jones claiming no insurable interest in the AgCo equipment.

Consistent with the custom and practice of the insurance industry, IOC, on November 13, 2020, requested from RT Specialty a "list of items currley [sic] covered so that we can process quote with AO [Auto Owners] on all but Combine."[12] Crum's agent, RT Specialty, itself could not provide a list, just a copy of the expiring policy and certain endorsements.[13]

_R. Bryan Tilden_
R. Bryan Tilden
CPCU, CLU, ARM, ALCM, ChFC, CIC

---

[8] IOC-0008, IOC-0344.
[9] IOC-0122.
[10] Declaration of Adam Jones ¶¶ 5 – 9; Declaration of Libby Ashley ¶¶ 6 – 7.
[11] IOC-0343.
[12] IOC-0057.
[13] IOC-0368.

EXHIBIT A

*Curriculum Vitae*
*of*
*R. Bryan Tilden*
526 Red Gate Road
Pittsboro, North Carolina 27312-7934
*Office:* 919.542.1042 • *Fax:* 919.542.6255 • *E-mail:* tilden@mindspring.com

**EDUCATION:**

**Senior Claim Law Associate,** 2008
AMERICAN EDUCATIONAL INSTITUTE, INC.
Basking Ridge, New Jersey

**Chartered Financial Consultant,** 1983
THE AMERICAN COLLEGE
Bryn Mawr, Pennsylvania

**Associate in Loss Control Management**, 1983
INSURANCE INSTITUTE OF AMERICA
Malvern, Pennsylvania

**Associate in Risk Management**, 1982
INSURANCE INSTITUTE OF AMERICA
Malvern, Pennsylvania

**Chartered Life Underwriter**, 1982
THE AMERICAN COLLEGE
Bryn Mawr, Pennsylvania

**Chartered Property Casualty Underwriter**, 1980
THE AMERICAN INSTITUTE FOR PROPERTY AND LIABILITY
UNDERWRITERS
Malvern, Pennsylvania

**Certified Insurance Counselor**, 1978
SOCIETY OF CERTIFIED INSURANCE COUNSELORS
Austin, Texas

**HONORS/ACTIVITIES:**

Active, Continuing Education for CPCUs, Society of Chartered Property Casualty Underwriters, 2021 - 2024

Grading Panel Member, The American Institute for Property and Liability Underwriters

Grading Panel Member, Insurance Institute of America

National Faculty Member, Society of Certified Insurance Counselors

Faculty, ACORD Power of Change Workshop, 1995 to present

Faculty, Independent Insurance Agents Virtual University, commentator to ISO, AAIS and ACORD

Ernest F. Young Education Award, 1988

North Carolina Independent Agent of the Year, 1989

Frequent contributor the *The John Liner Letter* articles on Business Income, CGL, Auto, Risk Management

Reviewer, various CPCU and Insurance Institute textbooks

| | |
|---|---|
| **MEMBERSHIPS:** | International Association of Arson Investigators |
| | Professional Liability Underwriting Society |
| | Society of Certified Insurance Counselors |
| | Society of Chartered Property Casualty Underwriters |
| | Society of Claims Law Associates |
| | Society of Financial Service Professionals |
| **LICENSES:** | Property and Liability Agent, North Carolina, New Jersey |
| | Life and Health Agent, North Carolina, New Jersey |
| | Medicare Supplement and Long Term Care Agent, North Carolina |

**EXPERIENCE:**

April 1997 to Present
**Training and Consulting**
Tilden & Associates
Pittsboro, North Carolina

September 1995 to March 1997
**Director of Technical Affairs**
Independent Insurance Agents of North Carolina, Inc.
Raleigh, North Carolina

March 1990 to August 1995
**Director of Education**
Independent Insurance Agents of North Carolina, Inc.
Raleigh, North Carolina

September 1983 to March 1990
**Account Executive**
Chapel Hill Insurance Agency, Inc.
Chapel Hill, North Carolina

September 1979 to July 1983
**Vice President**
Thomas Rutherfoord, Inc.
Roanoke, Virginia

December 1978 to September 1979
**Account Executive**
Marsh & McLennan, Inc.
Washington, DC

July 1974 to December 1978
**Account Executive**
Herb Holland Company, Inc.
Chapel Hill, North Carolina

**PUBLICATIONS:**

The CPCU Society. "A Guide to the CGL Aggregate Limits",
http://www.cpcusociety.org/learning/campus/how.shtml , 1999

The CPCU Society, "A Guide to the Motor Carrier Act",
http://www.cpcusociety.org/learning/campus/how.shtml. 1999

The CPCU Society, "A Guide to Value Reporting Form", http://www.cpcusociety.org/learning/campus/how.shtml. 1999

R. Bryan Tilden, *1999 Business Auto Policy, Changes and Issues* (Albany: Professional Insurance Agents, 1999)

----, *2000 Commercial Property Changes* (Malvern: The CPCU Society, 2000)

----, *2000 Homeowners Policy Changes* (Malvern: The CPCU Society, 2000)

----, *2001 Commercial General Liability Policy Changes* (Malvern: The CPCU Society, 2001)

----, *2001 Business Automobile Policy Changes* (Pittsboro, NC: Tilden and Associates, 2001)

----, *2002 Commercial Property Changes* (Malvern: The CPCU Society, 2002)

----, *2004 Commercial General Liability Policy Changes* (Malvern: The CPCU Society, 2004)

----, *2007 Commercial General Liability Policy Changes* (Malvern: The CPCU Society, 2007)

---- *2008 Commercial Property Changes* (Malvern: The CPCU Society, 2008)

----, *2010 Automobile Policy Changes* (Malvern: The CPCU Society, 2011)

----, *2011 Homeowners Policy Changes* (Malvern: The CPCU Society, 2011)

----, *2012 Commercial Property Policy Changes* (Malvern: The CPCU Society, 2013)

----, *2013 Commercial General Liability Policy Changes* (Malvern: The CPCU Society, 2013)

----, *Additional Insured* (Austin: Society of Certified Insurance Counselors, Inc., 1996, 2005, 2013; Malvern: The CPCU Society, 1999, 2001, 2004, 2005, 2013, 2019)

----, *Advanced Business Income* (Malvern: The CPCU Society, 1990 – 2016)

----, *Advanced Inland Marine* (Malvern: The CPCU Society, 2000)

----, *Advanced Pollution Liability* (Malvern: The CPCU Society, 1999 - 2021)

----, *Arson and the Insurance Contract* (Austin: Society of Certified Insurance Counselors, Inc., 1998, 2004, 2012, 2022)

----, *Bonus Life and Non-Qualified Deferred Compensation Plans* (Pittsboro, NC: Tilden and Associates, 1998)

----, *Budgeting* (Raleigh: Independent Insurance Agents of North Carolina, Inc., 1995)

R. Bryan Tilden and Donald Malecki, *Builders Risk, Wrap-Ups and Course of Construction* (Malvern. The CPCU Society, 2006)

R, Bryan Tilden, *Business Automobile Coverage Part* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1993, 1994, 1997, 1999, 2002, 2004, 2005, 2006, 2010, 2013)

----, *Business Owner's Policy* (Austin: Society of Certified Insurance Counselors, Inc., 1990 – 2002, 2010, 2013)

----, *Claims Handling* (Pittsboro, NC: Tilden and Associates, 1999)

----, *Closing Gaps in Property Insurance* (Malvern: The CPCU Society, 1999, 2007, 2015)

----, *Commercial Account, The* (Malvern: The CPCU Society, 1999, 2001, 2005)

----, *Commercial Crime Program* (Austin: Society of Certified Insurance Counselors, Inc., 1988, 1991, 1992, 1999, 2000, 2006, 2013; Malvern: The CPCU Society, 2000, 2006, 2009, 2013)

----, *Commercial General Liability Coverage Part* (Austin: Society of Certified Insurance Counselors, Inc., 1989, 1992, 1994, 1996, 1997, 1998, 1999, 2001, 2004, 2007, 2013, 2019)

----, *Commercial Property Coverage Part* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1991, 1996, 2001, 2008, 2012)

----, *Commercial Property Causes of Loss Forms* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1991, 1996, 2001, 2008, 2012)

----, *Contract Bonds* (Pittsboro, NC: Tilden and Associates, 1999)

R. Bryan Tilden and Donald Malecki, *Contractual Risk Transfer* (Malvern. The CPCU Society, 2005)

R. Bryan Tilden, *Director's and Officer's Liability* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1997; 2002, 2022 Malvern: The CPCU Society, 1998, 2000, 2002, 2022)

----, *Disability Income and Long Term Care Insurance* (Pittsboro, NC: Tilden and Associates, 2006)

----, *Employee Leasing – The New CGL.* Counselor C93 #6 December (1993): 1-4

----, *Employment Related Practices* (Pittsboro, NC: Tilden and Associates, 1999, 2011, 2015)

----, *Endorsements to the Commercial Property Coverage Part* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1991, 1996, 2001, 2008, 2012)

----, *Essentials of Legal Liability* (Austin: Society of Certified Insurance Counselors, Inc., 1995)

----, *Essentials of Life Insurance* (Raleigh, NC: Independent Insurance Agents of North Carolina, Inc., 1991)

----, *Estate Planning* (Pittsboro, NC: Tilden and Associates, 1999)

----, *Estate Planning Techniques, Gifts, Trusts and Family Limited Partnerships* (Pittsboro, NC: Tilden and Associates, 2000)

R. Bryan Tilden and Donald Malecki, *Evolution of the CGL,*

R. Bryan Tilden, *Excess Liability and Commercial Umbrella Policies* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1995, 1997, 2013)

----, *Flood Insurance*, (Austin: Society of Certified Insurance Counselors, Inc., 1998)

----, *Garage Policy* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1993, 1994, 1998, 2006)

----, *Hidden Coverages* (Austin: Society of Certified Insurance Counselors, Inc., 1995, 1997, 2000; Malvern: The CPCU Society, 1998, 2004, 2010, 2013, 2022)

----, *Homeowner's Policy* (Pittsboro, NC: Tilden and Associates, 1998, 2001, 2011)

----, *Homeowner's Tricks and Traps* (Austin: Society of Certified Insurance Counselors, Inc., 1989, 1993, 1997, 2001, 2013, 2022)

----, *How to Determine the Financial Stability of an Insurance Company* Agents Journal Spring (1985) 18 - 19

----, *Human Resources* (Raleigh: Independent Insurance Agents of North Carolina, Inc., 1996)

----, *Insurance Fraud* (Pittsboro, NC: Tilden and Associates, 2001)

----, *Insurance Statute and Rules Update, An Agents' Guide* (Raleigh: Independent Insurance Agents of North Carolina, Inc., 1991)

----, *Insuring Contractors* (Malvern: The CPCU Society, 1998, 1999, 2004, 2007, 2013)

----, *Insuring Defective Construction* (Malvern: The CPCU Society, 2002, 2004, 2007, 2013; Austin: Society of Certified Insurance Counselors, 2002, 2004, 2007, 2013, 2019)

----, *Insuring the E-Commerce Account* (Malvern: The CPCU Society, 2000 – 2019)

----, *Insuring the In Home Business* (Austin: Society of Certified Insurance Counselors, 1998)

----, *Insurance Valuation Problems* (Malvern: The CPCU Society, 1997 – 2021)

----, "It's a Crime Not to Insure! Use New Crime Forms for the Best Coverage," *Resources* (The National Alliance for Insurance Education & Research), (Spring 2001), pp. 10-13.

----, *Law and the Life Insurance Contract* (Pittsboro, NC: Tilden and Associates, 2002)

----, *Leased Properties Exposures* (Austin: Society of Certified Insurance Counselors, Inc., 1989, 1997, 2005; Malvern: The CPCU Society, 1998, 2001, 2005, 2013)

----, *Liability Issues and Solutions* (Austin: Society of Certified Insurance Counselors, Inc., 1998)

R. Bryan Tilden and Donald Malecki, *Malecki and Tilden on the CGL,* (Malvern. The CPCU Society, 2003, 2004, 2005)

R. Bryan Tilden, *Medicare Supplement and Long Term Care* (Raleigh, NC: Independent Insurance Agents of North Carolina, Inc., 1991, 1992)

----, *Mergers, Acquisitions and Joint Ventures* (Malvern: The CPCU Society, 2001; Austin: Society of Certified Insurance Counselors, Inc., 2002, 2013)

----, *More Personal Lines Questions and Answers* (Pittsboro, NC: Tilden and Associates, 1997)

----, *N.C. Insurance Statutes and Rules Update, An Agents' Guide* (Raleigh: Independent Insurance Agents of North Carolina, Inc., 1992)

----, *Personal Auto Policy* (Raleigh: Independent Insurance Agents of North Carolina, Inc., 1990, 1993)

----, *Personal Auto Policy* (Pittsboro, NC: Tilden and Associates, 1999)

----, *Personal Lines Questions and Answers* (Malvern: The CPCU Society, 1997, 1998, 2012)

----, *Personal Lines, Troublesome Problem Areas* (Indianapolis: Independent Insurance Agents of Indiana, 1997, 1998)

----, *Pollution Liability Coverages* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1991, 1998, 2012)

----, *Pollution and Environmental Liability Coverages* (Malvern: The CPCU Society, 1999 – 2021)

R. Bryan Tilden and John P. Young, *Pre-Licensing Guide* (Raleigh: Independent Insurance Agents of North Carolina, Inc., 1988, 1993)

R. Bryan Tilden, *Professional Liability* (Austin: Society of Certified Insurance Counselors, Inc., 1994, 1996, 1998)

----, *Problems and Solutions in Buy-Sell Agreements* (Pittsboro, NC: Tilden and Associates, 1998).

----, *Products and Completed Operations* (Malvern: The CPCU Society, 1999)

----, *Properly Insuring Churches, Clubs, Civic Groups and Other Not-For-Profit Organizations* (Austin: Society of Certified Insurance Counselors, Inc., 1991, 1998, 2001)

----, *Property & Liability Innovations and Solutions* (Austin: Society of Certified Insurance Counselors, Inc., 1998, 1999, 2001)

----, "Puzzled About Commercial Auto?" *Resources* (The National Alliance for Insurance Education & Research), (Fall/Winter 2001), pp. 8-9.

----, *Rental Car Exposures and Coverages* (Austin: Society of Certified Insurance Counselors, Inc., 1988, 1990, 1992, 1999)

----, *Shared Ownership of Property* (Austin: Society of Certified Insurance Counselors, Inc., 1989, 1990, 2001)

----, *Small Employer Group Benefits* (Raleigh, NC: Independent Insurance Agents of North Carolina, Inc., 1992)

----, *Solving Troublesome Liability Issues* (Austin, Society of Certified Insurance Counselors, Inc., 2016 – 2021)

----, *Solving Troublesome Property Issues* (Austin, Society of Certified Insurance Counselors, Inc., 2016 – 2021)

----, *Split Dollar Plans* (Pittsboro, NC: Tilden and Associates, 1998)

----, *Time Element Coverages* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1992, 1996, 2001, 2008, 2012)

----, *Tips, Tricks and Traps of the CGL* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1992, 1998, 1999, 2012; Malvern: The CPCU Society, 2000 – 2021)

----, *Toxic Mold, Where Is The Coverage?* (Malvern: The CPCU Society, 2003, 2004, 2008, 2010, 2013)

----, *Umbrella and Excess Liability* (Malvern, The CPCU Society, 2004, 2013)

----, *Underwriting Workers Compensation* (Pittsboro, NC: Tilden and Associates, 2003)

----, *Utilizing the New Commercial Coverages* (Albany: Professional Insurance Agents, 2003)

----, *Will the Policy Pay for Rebuilding?* <u>Professional Agent</u> February 1998: 24 - 27

----, *Workers' Compensation* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1992, 1997, 2012)

----, *Workers' Compensation: Treating the Exposure* (Malvern: The CPCU Society, 2000)

----, *Workers' Compensation: Underwriting* (Malvern: The CPCU Society, 2000)

**CASES PAST 4 YEARS:**     *Carlos Perez Diaz, et al, v. <u>Banco Popular de Puerto Rico</u>, et al,* CAC 2017-0014, Court of First Instance, Superior Part of Arecebo, Commonwealth of Puerto Rico.

*Conrad Sales Group, LLC d/b/a Bay Hill Seafood v. Joseph Clyde Jenkins, Jr., Jenkins Insurance Agency, Inc. and <u>Nationwide Mutual Insurance Company,</u>* 16 CVS 493, Superior Court of Guilford County, North Carolina.

*<u>Patsy E. Holden, et al,</u> v. Tedford and Associates, LLC, et al,* CJ-2018-188, District Court of Rogers County, Oklahoma.

*Whitney J. Cagle v. <u>Westfield Insurance Company</u>,* 1816-CV22073, Circuit Court of Jackson County, Missouri, at Independence.

*Buckley, LLP v. <u>Series 1 of Oxford Insurance Company NC, LLC</u>,* 19-CVS-2118, Superior Court of Mecklenburg County, North Carolina.

*Woodland Park Baptist Church v. <u>Selective Insurance Company of South Carolina</u>,* 1:19-cv-00280, United States District Court for the Eastern District of Tennessee, Southern Division.

*Natural Blend Vegetable Dehydration, LLC, v. SIA Group, Inc.*, 4:19-CV-42-BR, In the United States District Court for the Eastern District of North Carolina, Eastern Division.

*Mutual Benefit Insurance Company v. R. Gates Construction Co., Inc.*, 1:20-cv-69. United States District Court for the District of Maryland, Baltimore Division.

*Americas Leading Finance, LLC v. QBE Seguros Puerto Rico, et al*, SJ2018CV08332, Court of First Instance, Superior Part of San Juan, Commonwealth of Puerto Rico.

*Mt. Hawley Insurance Company v. Carriage Hill Associates of Charleston, LLC, et al*, 2:19-cv-02550-RMG, United States District Court, District of South Carolina, Charleston Division.

*Brian Shanahan, et al, v. Brett Balsley and BCA Insurance Group,* ATL-L-1387-18, Superior Court of New Jersey, Law Division, Atlantic County.

*TJS Leasing & Holding Company, Inc., v. Peoplelease, LLC*, 2:19-cv-02550-RMG, United States District Court, District of South Carolina, Charleston Division.

*Alex Chrysanithopoulos, et al, v. Bay Agency Insurance Group, et al*, L-1054-19, Superior Court of New Jersey, Law Division, Monmouth County.

*Nicole Kozak, et al, v. Michelle Yeomans and Mid Florida Crop Insurance Agency, Inc.,* 18-CA-000715, Circuit Court of the Twentieth Judicial Circuit, Hendry County, Florida.

*Ashley and Benjamin Remick v. Travelers Home and Marine Insurance Company*, 7:19-cv-0254-DCC, United States District Court, District of South Carolina, Spartanburg Division.

*Pennsylvania National Mutual Casualty Insurance Company v. Beach Mart, Inc. and L&L Wings, Inc.,* 2:14-cv-00008-FL, United States District Court for the Eastern District of North Carolina, Eastern Division.

*DMM Associates, LLC, v. Ohio Security Insurance Company, David Jurisz, and Lakeside Insurance Brokers,* 7:27-cv-20-6879, District Court, County of Hennepin, Fourth Judicial District, State of Minnesota.

*Continental Western Insurance Company v. ASAO Hauling LLC and Michael Krumm v. Naught-Naught Insurance Agency*, 2:20-cv-4063-NKL, United States District Court for the Western District of Missouri, Central Division.

*Kathleen Jennings v. The Travelers Home and Marine Insurance Company,* 6:20-cv-00869-BHH, United States District Court for the District of South Carolina, Greenville Division.

*Grooms Property Management, Inc., et al, v. Muirfield Condominium Association, et al, v. Holly Moore and TC Corporate Holdings, Inc., f/k/a TriSure Corporation*, 20-CVS-269, Superior Court of Mecklenburg County, North Carolina.

*William G. Jenkins, Jr., as Receiver for JBS, LLC, d/b/a Jennings Building Systems v. Turbeville Insurance Agency, Inc., et al*, 2018-CP-07-01948, In the Court of Common Pleas, Beaufort County, South Carolina, Fourteenth Judicial District.

*Fireman's Fund Insurance Company v. Regions Insurance Inc., et al*, SD File No: 3003-070, Private Arbitration.

*Palomino v. First Developers, LLC, v. The Benefits Consulting Group, et al,* HUD-L-4285-19, Superior Court of New Jersey, Law Division – Hudson County.

*Ecovest S&S Shelmore Development, LLC v. Atlantic Shield Insurance Group, LLC,* 2019-CP-10-954, Court of Common Pleas for the State of South Carolina, Charleston County.

*Duke University v. Endurance Risk Solutions Assurance Company,* 5:20-cv-672-BO, United States District Court for the Eastern District of North Carolina, Western Division.

*Wake Chapel Church, Inc. v. Church Mutual Insurance Company,* 5:21-cv-114-M, United States District Court for the Eastern District of North Carolina, Western Division.

*Wilson, et al, v. Interwest Insurance Services, LLC,* 34-2018-00239219, Superior Court of California In and For the County of Sacramento.

*Puerto Rico Highway and Transportation Authority v. Mapfre Praico Insurance Company, et al,* SJ2019CV09747, Commonwealth of Puerto Rico, Court of First Instance, San Juan Superior Division.

*American Recycling Services, Inc., et al, v. Global Underwriters Agency, Inc., et al,* MID-L-8299-19, Superior Court of New Jersey, Law Division – Middlesex County.

*Riddhi Vinayak Hotels, LLC, D/B/A/ Suburban Extended Stay and Motel 6 v. The Insurance Center, et al,* 6:21-cv-1320-DCC, United States District Court for the District of South Carolina, Greenville Division.