IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CV-025-FL

| | |
|---|---|
| ADAM JONES d/b/a/ Triple J Farms ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, ) | |
| Defendant. ) | |

This matter comes before the court on the parties' consent motion to vacate this court's order entered September 25, 2023, pursuant to a settlement agreement. (DE 77). Also before the court is defendant's motion for certification of interlocutory appeal and a stay of proceedings pending appeal. (DE 71). The issues raised in the motion for vacatur are ripe for ruling. For the following reasons, the motion for vacatur is denied, and the motion for certification of interlocutory appeal is held in abeyance pending settlement by the parties.

## BACKGROUND

Plaintiff commenced this action in contract by complaint filed December 9, 2021, in the Superior Court of Robeson County, asserting numerous claims in an effort to recover from defendant monies assertedly due on an insurance policy for farm equipment damaged by fire. Defendant removed to this court February 10, 2022, on the basis of diversity jurisdiction. The parties filed cross motions for summary judgment, and defendant filed a motion to exclude the

testimony of plaintiff's proffered expert witness. The court ruled on these motions by order entered September 25, 2023, ("the challenged order"), finding in relevant part that defendant breached its contract to insure up to $210,000.00 in farm equipment, and directed the parties to propose a briefing schedule on the issue of damages. (DE 68).

The parties proposed such briefing schedule October 24, 2023, and defendant moved for certification of interlocutory appeal and a stay of the proceedings October 25, 2023. Plaintiff responded in opposition, but the parties filed a notice of settlement and motion to stay case deadlines shortly thereafter. The instant motion, which requests that the court vacate the challenged order under Federal Rule of Civil Procedure 60 and remove it from the ECF docket, was filed on December 1, 2023. The court set telephonic hearing for December 28, 2023.

## COURT'S DISCUSSION

At hearing, Michael Medford and Spencer Wiles appeared for plaintiff and Alexandra Bachman and Frank Falcone appeared for defendant. Counsel for defendant argued that the parties qualify for relief under the "catch-all" provision of Rule 60(b)(6), which provides that the court "may relieve a party" from an order for "any other reason that justifies relief."

"[W]here mootness occurs because of settlement," the parties surrender their "claim[s] to the equitable remedy of vacatur, at least absent exceptional circumstances." Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 118 (4th Cir. 2000);[1] see also Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864 (1988) (noting that relief under Rule 60(b)(6) "should only be applied in extraordinary circumstances").

---

[1] Throughout this order, internal quotation marks and citations are omitted unless otherwise specified.

No exceptional circumstances appear to exist in this case, where the parties seek only to avoid the cost of appeal. In addition, the court is without the power to remove an order from the docket once it is entered. Accordingly, the motion is denied.

Where counsel for the defendant indicated at hearing that a settlement has been agreed upon, the parties are directed to file a status report within 21 days of entry of this order indicating the necessity of conducting briefing on the issue of damages.

SO ORDERED, this the 28th day of December, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge